IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD L. EVANS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-365-SLR |
| | ) |
| DOVER POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 16th day of August, 2010, having screened the case pursuant to

28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's request for counsel is denied (D.I. 4) and that the

amended complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and §

1915A, for the reasons that follow:

1. **Background**. Plaintiff Ronald L. Evans, Jr., ("plaintiff"), a prisoner

incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware,

filed his complaint pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) On May 11, 2010, plaintiff

filed an amended complaint that is identical to the original complaint, from pages one

through seven, but adds claims against his public defender and prosecuting attorneys.

(D.I. 6) He proceeds pro se and has been granted leave to proceed without

prepayment of fees.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used

-2-

when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. On July 8, 2008, plaintiff was misidentified, arrested, and handcuffed by defendant police officer Peter Martinek ("Martinek"). Defendant police officer Andrew Morris ("Morris") and plaintiff advised Martinek of the misidentification and that the proper party was Sylvia Weeks ("Weeks'). Martinek walked to a nearby vehicle where Jabrielle Gilbert ("Gilbert"), plaintiff's girlfriend, was seated. He searched plaintiff and Gilbert after smelling marijuana. Martinek found a burnt marijuana blunt, crack cocaine, and a scale. Gilbert indicated the items were hers, and she was arrested. Plaintiff was uncuffed and set free. Morris proceeded to arrest Weeks.

7. Defendant police officer Raymond Reed ("Reed") arrived at the scene and indicated that the drug unit wanted plaintiff taken to the police station and detained. Plaintiff, Gilbert, and Weeks were taken to the station. Gilbert and Weeks were interviewed by defendant detective Randy Robbins ("Robbins"). Gilbert admitted involvement in a drug transaction, and Weeks implicated plaintiff.

8. Defendant police officer Christopher Bumgarnder ("Bumgardner") searched the vehicle where Gilbert had been sitting and found a hotel room key card. Defendant detective Boney ("Boney") and Robbins applied for, and were granted, a search warrant for a room at the Dover Budget Inn. Boney, Martinek, and defendant police office

-4-

Digirolomo ("Digirolomo") conducted a search and recovered marijuana, a digital scale, and drug paraphernalia. Gilbert indicated the marijuana was hers.

9. As a result of the above, plaintiff was interviewed, detained, and arrested on narcotic charges. He alleges that he was charged without reasonable suspicion, probable cause, or the reading of his rights. Plaintiff was arraigned and a preliminary hearing was set for July 11, 2008. Plaintiff, through his attorney, requested to speak to Robbins and defendant detective Pires. Plaintiff agreed to cooperate and was released on an unsecured bond.

10. On August 22, 2008, Robbins and other members of defendant Dover Police Department surveilled a room at the Comfort Inn. Robbins and Boney observed plaintiff at the site. Plaintiff left the area in his car and was stopped by Bumgardner who was in an unmarked car. Digirolomo and Robbins followed in separate cars behind Bumgardner. Digirolomo searched the vehicle and found crack cocaine and keys to a room at the Comfort Inn. Plaintiff was taken into custody, transferred to the police station by Hopkins, and stripped searched by Digirolomo and Bumgardner. He was arrested for "absconding from pretrial supervision and other various drug related charges." Plaintiff alleges that his civil rights were violated "despite there being any evidence of any exigent circumstances created by [him] or any mention of any criminal activity by [him] to warrant an arrest."

11. Thereafter Robbins, Digirolomo, Bumgardner, and defendant detective Aaron Dickinson ("Dickinson") searched the room in question at the Comfort Inn. Plaintiff alleges defendants entered the room illegally. Dickinson secured the room,

-5-

Robbins saw marijuana blunts and a bag of marijuana, and Gilbert, who was in the

room, was taken to the police station by Bumgardner.  Later, Robbins and Pires applied

for, and were given, a search warrant.  Plaintiff alleges that they did not report the drugs

until after issuance of the warrant.  He further alleges that the detentions, interviews,

statements, and arrest were unlawful and violated his constitutional rights to due

process, equal protection, and civil liberties; violated his rights under the Fourth and

Fourteenth Amendments; he was a victim of discrimination; and the law enforcement

defendants engaged in malicious abuse of authority, unlawfully detained and arrested

him, conducted unlawful interviews, illegally entered and searched, obtained unlawful

statements and coerced confessions, used coercive police tactics, and failed to read

him his rights.  He also claims unlawful imprisonment, prosecutorial misconduct,

deprivation of liberty, and ineffective assistance of counsel.[3]

12.  Plaintiff alleges defendant Laura A. Yiengst ("Yiengst"), his court appointed

attorney, violated American Bar Association standards and, in general, provided

ineffective assistance.  Counsel for plaintiff and the prosecutors entered into plea

negotiations but, on January 26, 2009, defendant R. David Favata ("Favata"), a deputy

attorney general, indicated that plaintiff's proffered information proved worthless and,

therefore, the State would not dismiss the charges or change the plea offer.  Plaintiff

further alleges that Favata and defendant deputy attorney general Kathleen Dickerson

("Dickerson") released a summary of the information proffered to them to another

defense attorney as part of discovery production.  Plaintiff alleges that this placed him

---

[3]Plaintiff indicates that the case is under review by the lower courts, presumably
the Delaware State courts.

in danger, and he was moved from general population to protective custody.  He seeks compensatory damages.  (D.I. 4)

13.  **Habeas Corpus**.  To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Furthermore, plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

14.  Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*.  Moreover, his claims against the law enforcement defendants present the type of claims addressed in *Heck*; that is, a finding that his conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction.  To the extent plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and, therefore, is frivolous. *Neitzke*, 490 U.S. at 326.  Accordingly, the Court will dismiss the claims against defendants Dover Police Department, Martinek, Bumgardner, Reed, Digirolomo, Morris, Robbins, Dickinson, Pires, and Boney as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-7-

15. **Search and Seizure**. The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause. *See Albright v. Oliver*, 510 U.S. 266, 274-75 (1994). Plaintiff sues defendant law enforcement officers for detaining, searching, and arresting him in violation of his constitutional rights. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause. *See Albright v. Oliver*, 510 U.S. 266, 274-75 (1994). But "when an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 171 (2008). "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested." *Mosley v. Wilson*, 102 F.3d 85, 94-5 (3d Cir. 1996); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n.16 (3d Cir. 2010). "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989).

16. The facts as alleged do not indicate that defendant law enforcement officials violated plaintiff's constitutional rights. In the absence of factual allegations showing that the law enforcement defendants violated plaintiff's constitutional rights, the complaint is frivolous. For the above reasons, the court will dismiss all claims against the law enforcement defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

17. **State Actor**. Plaintiff raises numerous claims against his court appointed public defender, Yiengst. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). The claim has no basis in law or fact and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

18. **Eleventh Amendment Immunity**. Plaintiff names the Kent County Department of Justice (i.e., the Delaware Department of Justice) as a defendant. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp. v. Bell Atl. of Penn.,* 271 F3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 694 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. at 98-10). Because

-9-

the Delaware Department of Justice is a duly constituted state agency whose Eleventh Amendment immunity has not been waived, it is immune from suit. Accordingly, the court will dismiss the claims against the Kent County Department of Justice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(2).

19. **Prosecutorial Immunity**. Plaintiff names as defendants deputy attorneys general Favata and Dickerson. "Prosecutorial immunity embodies the 'right not to stand trial.'" *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (citations omitted) (citations omitted). The "prosecutor bears the "heavy burden" of establishing entitlement to absolute immunity." *Id.* (citations omitted). To overcome the presumption that assistant attorneys general are entitled to absolute immunity rather than qualified immunity, they must show that they were functioning as the state's advocate when performing the action(s) in question. *Id.* (citations omitted) The court looks to "the nature of the function performed, not the identity of the actor who performed it." *Id.* (citations omitted). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id.* (citations omitted).

20. Here, plaintiff alleges that the prosecutors' actions violated his rights during discovery, plea negotiations, and before the trial court. Said acts are associated with the criminal prosecution of plaintiff and required advocacy on the party of the prosecutors. Favata and Dickerson are entitled to absolute immunity and, therefore,

the court will dismiss the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

21. **Request for Counsel**. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

22. Plaintiff requests counsel on the grounds that he is unable to obtain or afford representation, he lacks legal experience and expertise, and he is unable to adequately investigate his claims. (D.I. 4) The court has determined that plaintiff's claims do not have arguable merit in fact and law. Therefore, the request for counsel will be denied.

23. **Conclusion**. For the above reasons, plaintiff's request for counsel is **denied**. (D.I. 4) The complaint is **dismissed** as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State*

*Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  The clerk of court is directed to **close** the case.

UNITED STATES DISTRICT JUDGE